# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>CHARLES DAVID McKEE,<br><br>                  Petitioner. | No.  53306-5-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J. — Charles McKee seeks relief from personal restraint imposed as a result of his 2018 plea of guilty to conspiracy to commit second degree murder (count I), drive-by shooting (count II), attempted first degree assault while armed with a firearm (count III), and first degree unlawful possession of a firearm (count IX).[1]  The State and McKee entered into a plea agreement as to the above crimes.  Paragraph 11 of McKee's statement of defendant on plea of guilty contained a typed statement of "what I did in my own words that makes me guilty of this crime." Resp. to PRP, Attach. at 24.  During McKee's plea colloquy, the trial court asked if that typed statement was "a true and correct statement of what you did that makes you guilty of the four crimes with which you are charged in that cause number?"  PRP, Ex. C at 3-4.  McKee replied,

---

[1] McKee filed a motion to vacate his judgment and sentence in the trial court.  That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition.

"Sounds close." PRP, Ex. C at 4. When the trial court asked McKee if those were not his own words, the deputy prosecutor stated that he typed them and that the parties needed to step back. The trial court agreed, noting that "'close enough' doesn't work in this setting." *Id.* The trial court then took its midday recess, and upon resuming the plea colloquy, the trial court again asked if the typed statement was "a true and correct statement of what you did that makes you guilty of the four crimes with which you are charged in that cause number?" Reply to Resp. to PRP, Ex. C at 24-25. This time McKee replied, "Correct." *Id.* at 25. The trial court then found that McKee was making his plea freely and voluntarily, accepted the plea, and set over sentencing.

The State and McKee made a joint sentencing recommendation as follows: 120 months on count I, 48 months on count III consecutive to count I as serious violent offenses, and a 72-month firearm sentencing enhancement consecutive to the base sentence in count III.[2] The trial court accepted the joint sentencing recommendation. McKee now seeks relief from the judgment and sentence imposing those sentences.

First, McKee argues that the trial court erred in imposing consecutive sentences for counts I and III because the court did not recognize that it had the discretion to impose those sentences concurrently. Because both counts were "serious violent offenses," their sentences were to be served consecutively under RCW 9.94A.589(1)(b). Reply to Resp. to PRP, Ex. B at 7. But paragraph 6(k) of McKee's statement of defendant on plea of guilty informed both him and the court that consecutive sentences should be imposed "unless the judge finds substantial and compelling reasons not to do so." Resp. to PRP, Attach. at 19. And when imposing sentence, the

---

[2] The sentences for counts II and IX are concurrent with the sentences in counts I and III and are not at issue here.

court acknowledged that it could deviate from the joint sentencing recommendation if it could "articulate a reason to do so" but was unable to. Reply to Resp. to PRP, Ex. B at 28. McKee fails to show that the trial court was unaware that it had the discretion to impose concurrent sentences.

Second, McKee argues that his trial counsel provided ineffective assistance of counsel by not arguing for concurrent sentences for counts I and III. To establish ineffective assistance of counsel, he must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court presumes strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011). And performance is not deficient if it was a legitimate trial strategy. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). McKee's trial counsel decision to make a joint sentencing recommendation including consecutive sentences for counts I and III was a strategic decision to shorten the sentence that otherwise might have been imposed had McKee not entered into a plea agreement. Thus, McKee does not demonstrate that his trial counsel provided ineffective assistance.

Third, McKee argues that he was denied due process when the deputy prosecutor typed paragraph 11 of the statement of defendant on plea of guilty, rather than having McKee write it out in his own words. But he does not demonstrate any denial of due process. When McKee did not clearly adopt the typed statement as his statement, only saying it "sounds close," the trial court continued the plea colloquy. PRP, Ex. C at 4. Upon resuming the plea colloquy, after conferring with his counsel, McKee unambiguously adopted the typed statement as his own. Only then did

the trial court find that McKee's plea was freely and voluntarily made. And in this petition, McKee does not identify any factual errors in the typed statement. He does not show he was denied due process.

McKee does not present grounds for relief from restraint. We therefore deny his petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

MELNICK, J.